[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendants Northeast Utilities, The Connecticut Light and Power Company, Western Massachusetts Electric Company and Public Service Company of New Hampshire (collectively "NU") have moved to dismiss Count II of the Complaint of Century Indemnity and Pacific Employers Insurance Company (collectively, "CIGNA"), which requests that the court determine the extent of liability of more than thirty insurance company defendants. NU argues that CT Page 6579 this court lacks subject matter jurisdiction over this claim because CIGNA lacks standing to assert it and because the claim does not satisfy the prerequisites for declaratory relief under Connecticut law.
The defendants, American Home Assurance Company, Birmingham Fire Insurance Company of Pennsylvania, Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. (collectively, the "AIG Companies"), and Ranger Insurance Company have joined in NU's Motion to Dismiss.
Statement of Facts
Between 1936 and 1986, CIGNA sold to NU policies of general liability insurance. Under the terms of those policies, CIGNA agreed to indemnify NU for losses arising out of NU's ownership, operation or other involvement at industrial facilities and sites located primarily in Connecticut, Massachusetts and New Hampshire. CIGNA also agreed to reimburse NU's legal defense costs. Complaint at ¶¶ 1-3.
NU notified CIGNA of several claims that have been asserted or threatened against NU which allege environmental pollution at sites owned or operated by NTJ, or where NU was the generator of wastes disposed at the site. NU demanded that CIGNA, pursuant to the policies issued to NU, pay the past and future costs and liabilities incurred at these sites consistent with the terms and limits of liability of the CIGNA policies. In response, CIGNA reserved its rights. Complaint at ¶¶ 2,3. The parties attempted to negotiate a resolution of these issues. Those negotiations did not lead to a resolution. Thereafter, on December 1, 1998 CIGNA filed this action against NU and more than thirty other insurers of NU. Complaint at ¶¶ 1, 17-65. Count I seeks a declaration as to CIGNA's obligations under policies issued to NU in connection with NU's environmental liabilities with respect to at least 136 different sites throughout New England. Complaint at ¶¶ 2-7.
Count II seeks a determination of the coverage responsibilities of the other insurers who issued various insurance policies to NU. Complaint at ¶¶ 3,68,70. The Complaint does not allege that CIGNA is a party to the other insurers' policies, nor does it allege that CIGNA was a third party Beneficiary of those contracts. The Complaint also does not allege the existence of any current dispute between CIGNA and the other insurers. CT Page 6580
NU has settled with many of the other insurers who provide coverage for environmental claims, including the AIG Companies and Ranger Insurance Company. Under the terms of those settlements, NU has agreed to indemnify the settled insurers for claims asserting further liability for the settled environmental claims.
Discussion of Law and Ruling
In Count II, CIGNA, by its own admission, seeks to have the court determine the extent of the other insurers' liability, if any, for defense and indemnity of NU with respect to CIGNA's claims for contribution, subrogation or reimbursement against NU's other insurers. See Complaint at ¶¶ 3, 68, 70; Plaintiffs Memorandum of Law in Opposition to Defendant's Motion to Dismiss count II at 6. Since CIGNA does not claim that it was either a party to nor an intended third party beneficiary of those contracts, NU argues that it lacks standing to bring Count II.
The fundamental aspect of standing is its focus upon the "party seeking to get his complaint before the court and not on the issues that he wishes to have adjudicated." Conn. Ass'n ofHealth Care Facilities, Inc. v. Worrell, 199 Conn. 609, 613,508 A.2d 743, 745 (1986). When standing is put at issue, the relevant inquiry is whether the person whose standing is being challenged is the proper party to request adjudication of the issue, and not whether the controversy is otherwise justiciable, or whether on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded. Steeneck v. University ofBridgeport, 235 Conn. 572, 579, 668 A.2d 688, 692 (1995)
Under well-settled Connecticut law, "[o]ne who is neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of a contract." Tomlinson v. Board ofEducation, 226 Conn. 704, 718, 629 A.2d 333, 341 (1993); Coburn v. Lenox Homes, Inc., 173 Conn. 567, 570, 378 A.2d 599, 601
(1977). Where the plaintiff lacks standing to sue, the court is without subject matter jurisdiction. Steeneck v. University ofBridgeport, 235 Conn. at 589, 668 A.2d at 696-97. CIGNA lacks standing to sue to enforce any obligations created by the insurance contracts between NU and the other insurers.
CIGNA argues that it properly seeks a declaratory judgment against NU' s other insurers because it has a potential right to CT Page 6581 seek indemnification, contribution or subrogation from those insurers and that the extent of such right is uncertain. Practice Book § 17-5 5 states, in pertinent part:
 The judicial authority will not render declaratory judgments upon the complaint of any person: (1) unless the party has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to the party's rights or other jural relations; or (2) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.
Count II seeks a determination of CIGNA's rights to contribution, reimbursement, and subrogation from NU's other insurers. Complaint ¶ 70. Recovery under any of these theories depends entirely upon the determination of CIGNA's obligations under policies issued to NU. CIGNA would have no right of recovery against the defendant insurers unless two determinations were first made. First, it must be found that under the terms, conditions, and exclusions of the CIGNA policies, CIGNA was liable to NU. Second, CIGNA must be found solely (i.e., jointly and severally) liable for all of NU's loss, rather than for only its proportionate share of the coverage comprising NU's entire coverage program. Only then would CIGNA have a colorable claim against the other insurers. See, e.g., Hanover Ins. Co. v.Fireman's Fund Ins. Co., 217 Conn. 340, 353, 586 A.2d 567, 574
(1991) (Peters, C.J.) ("The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation.")
Both CIGNA's liability to NU and the scope of the liability are hotly contested issues that will be decided by this court or an arbitration. Until such determinations are made, CIGNA's contribution, subrogation and reimbursement rights against the other insurers are premature and speculative. See, e.g., MontroseChem. Corp. v. American Motorists Ins. Co., 18 Cal.App. 4"' 133, 163-64 (1993) (deferring the apportionment of defense costs);Continental Cas. Co. v. RapidAmerican Corp., 80 N.Y.2d 640 (1993) (finding contribution claim premature).
A Connecticut Superior Court has refused to entertain a CT Page 6582 declaratory judgment action involving an interest that could arise in the future. Fournier v. Shaklee Corp., 1995 WL 670069 (Conn. Super Oct. 25, 1995, Handy, J.), involved a declaratory judgment action brought by an injured motorist to determine the amount of uninsured motorist coverage provided by the Insurance Company of North America ("INA"), a CIGNA company. One of the defendants, the insurance agency that brokered the coverage, sought dismissal from the action, arguing that the prerequisites for a declaratory judgment had not been met. The plaintiff maintained that the agent had an interest in the dispute because it could be found liable if the INA coverage it placed was deemed ineffectual. The court disagreed, ruling that "currently there is no dispute between [the plaintiff] and [the agent]. There may be an interest in the future; there may be a future dispute, if the INA coverage is avoided." Id. at * 1. Because the agent had no current dispute with the plaintiff, only a possible future dispute, the court dismissed the case against the agent.
If CIGNA is not adjudged to be liable to NU or its liability is limited to its pro-rata share,[1] CIGNA will have no legal interest in insurance coverage provided to NU by the other insurer defendants. While there may be some future dispute between CIGNA and the other insurers, none exists now. Therefore, Count II fails to satisfy the statutory prerequisites for a declaratory judgment action because CIGNA has no current interest and no dispute exists with respect to the defendant I insurers. Practice Book § 17-55.
Most of the cases cited by CIGNA are inapposite because they involve declaratory judgment I actions brought by insurers who were statutorily liable for uninsured motorist coverage unless the insurer of the other automobile covered the accident. The liability of the insurer, unlike that of CIGNA here, was not in dispute.
Nationwide Ins. Co. v. Bergeron, 8 Conn. L. Trib. No. 12, p. 13 (Conn.Super. Oct. 27, 1981), involved a declaratory judgment action by Nationwide (the uninsured motorist carrier) against Allstate, who had denied coverage to the defendant tortfeasor. Under the uninsured motorist statute, Allstate's refusal to provide coverage would automatically make Nationwide responsible for the loss as the uninsured motorist carrier. For this reason, Nationwide had a direct and immediate interest in whether Allstate's denial of coverage was proper. CT Page 6583
Similarly, Wynn v. Commercial Union Ins. Co.,12 Conn. L. Rptr. 51, 1994 WL 271824 (Conn.Super. June 13, 1994), involved a situation in which the need for a coverage adjudication was immediate. The defendant's insurer had denied coverage. The plaintiffs decision to pursue litigation against the defendant necessarily depended upon whether the defendant had insurance coverage. Unless the defendant was covered, the plaintiff would have been forced to seek uninsured motorist coverage from its own insurer.
Colonial Penn Ins. Co. v. Patriot General Ins. Co., 1996 WL 56008 (Conn.Super. Jan. 19, 1996), involved facts identical in substance to those presented in Nationwide and Wynn. The defendant's insurer had denied coverage and the plaintiffs uninsured motorist carrier sought a determination of whether the denial of coverage was proper. The real issue in the case, according to the court, was "whether the plaintiff insurance company [could] bring a declaratory judgment action against the defendant insurance carrier to determine the validity of the latter's denial of coverage for the alleged tortfeasor." Id. at *2. The only controversy was the "existence or nonexistence of coverage" under the alleged tortfeasor's policy. Id. at *4 The plaintiff was found to have sufficient legal interest in that case because its duty to provide uninsured motorist coverage would depend upon whether the defendant's policy provided coverage. Two additional uninsured motorist cases cited by CIGNA,Automobile Ins. Co. of Hartford v. Papa, 1995 WL 263519 (Conn.Super. Apr. 25, 1995) and Hammond v. Council, 1993 W'L 481923 (Conn.Super. Oct. 25, 1993), involve facts and holdings substantially identical to those found in Wynn, Nationwide, andColonial Penn.
The common element in Nationwide, Wynn, Colonial Penn, Papa,and Hammond is that in each case the uninsured motorist insurer's liability was already established. That is not true here. CIGNA's liability has not been determined. CIGNA may never be liable to NU for coverage. The language of CIGNA's Count II itself admits that an adjudication of its liability to NU is a prerequisite to any finding as to the other insurers:
 70. In the event that Century Indemnity andlor PEIC are adjudicated liable under the Policies for the investigation, defense or indemnity of any of the Northeast Utilities Entities with the Environmental Claims, Century Indemnity and PEIC request that this Court also determine the extent of the CT Page 6584 liability, if any, of the Insurer Defendants for the defense and indemnity of the Northeast Utilities Entities with respect to the plaintiffs' claims for contribution, subrogation or reimbursement against the Insurer Defendants and any other insurance company that is subsequently added to this action.
CIGNA Complaint at ¶ 70. (Emphasis added).
Until CIGNA is found liable to NU and required to pay more than its proportionate share of NU's loss, CIGNA has nothing more than a hypothetical interest in the policies issued by the other insurers.
For the foregoing reasons, the Motion to Dismiss is granted. The claims in Count II against all defendants except NU are hereby ordered dismissed.
By the court,
Aurigemma, J.